IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RALPH PADILLA,

      Plaintiff,

v.

ENDURANCE WARRANTY SERVICES, L.L.C.,

      Defendant.

## COMPLAINT

1. Mr. Padilla bought a motor vehicle service contract to protect himself from large expenses should his vehicle break down, and he financed the purchase. However, Endurance failed to furnish Truth in Lending disclosures on its loan document, disclosing the finance charge and annual percentage rate.

### Jurisdiction and Venue

2. This Court has jurisdiction under the Truth in Lending Act ("TILA"), 15 U.S.C. §1640(e) and 28 U.S.C. §§ 1331 and 1337. The Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367, which arise out of the contracts and disclosure forms which Defendants issued. Venue in this District is proper because the events complained of took place in this District.

### Parties

3. Plaintiff Ralph Padilla resides in Albuquerque, New Mexico. He is a "consumer" as defined by the TILA, 15 U.S.C. 1602(h), and Regulation Z, 12 C.F.R. § 226.2(a)(11).

4. Defendant Endurance Warranty Services, LLC, (hereafter referred to as "Endurance") is a foreign corporation located in Northbrook, Illinois.

5. Defendant is a "creditor," as defined in the TILA, 15 U.S.C. §1602(f), and Regulation Z, 12 C.F.R § 226.2(a)(17).

**Facts Pertaining to Plaintiff's Transaction**

6. Mr. Padilla bought a used 2001 Ford Mustang from a New Mexico dealership.

7. He bought the vehicle for personal, family and household uses.

8. He wanted to protect himself from unanticipated repair costs, so he searched online for a motor vehicle service contract.

9. He ended up purchasing a "Deluxe" 48 month service contract on April 30, 2012.

10. The seller of the service contract, Endurance, financed the transaction.

11. Mr. Padilla agreed to pay $2,982 to Endurance, with a down payment of $298.20 and 18 additional payments of $149.10 to be paid through regular charges to his credit card.

12. Mr. Padilla entered into a Payment Plan Agreement with Endurance.

13. This Payment Plan Agreement was a consumer credit transaction within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z, 12 C.F.R. § 226.2.

14. The Truth in Lending Act ("TILA") requires that each extension of credit contain certain disclosures of the terms of financing.

15. The Payment Plan Agreement failed to provide meaningful disclosure of the terms of credit, and it violated the TILA in the following ways:

   a. It omitted showing as categories of information the Amount Financed, Finance Charge, and Annual Percentage Rate ("APR");

   b. It failed to disclose the actual Finance Charge and APR, which are hidden in the sale price;

   c. It failed to disclose the APR and Finance Charge more conspicuously than other

    terms;

  d. It failed to provide a brief description of the terms, such as APR, Finance Charge, Total of Payments and Total Sale Price.

16. Furthermore, the service contract provider (issuer), EFG, Inc. is not registered with the New Mexico Superintendent of Insurance to sell service contracts, nor has it posted the required $100,000 surety bond, as required by the provisions of the SCRA, NMSA 1978 § 59A-58-5 and -6.

17. Defendant did not have a legal right to sell this service contract to New Mexico consumers, but it did sell one to Mr. Padilla, contrary to the Service Contract Regulation Act ("SCRA") NMSA 1978 § 59A-58-1 *et seq*.

18. The sale of the service contract to Mr. Padilla thus involves an assertion of a right that does not exist.

### First Claim for Relief: Violations of the TILA

19. Defendant's acts and omissions in connection with the extension of credit violate the Truth-in-Lending Act and Regulation Z.

20. Defendant is liable to Plaintiff for statutory damages in the amount of twice the Finance Charge, but no less than $200 nor more than $2,000.

21. Defendant is liable to Plaintiff for actual damages in the amount of the undisclosed service charge.

22. Defendant is also liable for plaintiff's attorney fees and costs.

### Second Claim for Relief: Unfair Trade Practices

23. Defendant's payment plan agreement misrepresented the Finance Charge and Annual Percentage Rate.

24. Defendant's payment plan agreement omitted material information.

25. Defendant's conduct was an unfair trade practice, violating the New Mexico Unfair Practices Act ("UPA"), NMSA 1978, §55-12-1, *et seq.*

26. Defendant willfully engaged in these unlawful trade practices.

27. Plaintiff is entitled to recover actual damages or statutory damages of $100, whichever is greater, trebled.

28. Plaintiff is entitled to recover costs and reasonable attorney fees.

WHEREFORE, Plaintiff prays that the Court award:

    A. Actual damages and statutory damages for violations of the TILA;

    B. Actual damages or statutory damages, trebled, for violations of the UPA;

    C. Reasonable attorney fees and costs;

    D. Such other relief as it deems just and proper.

Respectfully submitted,

*/s/ Richard N. Feferman*
Richard N. Feferman
Feferman & Warren, attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773